### THE STATE .*v* HARVEY AVERY.

Where one, who suspected his wife of unfaithfulness, followed her stealthily as she was going to a neighbor's, and having come up with her as she was talking with a man with whom she had previously been on terms of criminal intimacy, she ran away, and he fell upon the man with a stone and knife, and killed him: *Held,* to be murder.

(*The State* v. *Samuel,* 3 Jon. 74, approved.)

MURDER, tried before *Mitchell, J.,* at Spring Term 1870 of BURKE Court.

The deceased was Andrew Caldwell, and when killed, he was talking with the wife of the prisoner, who was upon her way to a neighbor's. The prisoner had gone part of the way with his wife, and then turned back towards home, but concluded that he would follow his wife, and watch her. Upon his wife's discovering him, she ran off, telling the deceased to run also. He did not, and when the prisoner came up, the latter attacked him with a stone and a knife, and inflicted the wound of which he died. It was shown that, about a year previously, there had been criminal intercourse between the deceased and the wife.

It is not important to state the other occurrences upon the trial, excepting, that in arguing the cause, the prisoner's counsel referred to the late cases of Sickles, McFarland and others of a similar character. In commenting upon this the Court said, that the verdicts of the juries in those cases were not law in North Carolina; that those verdicts were noted only for their errors and eccentricities, and that a jury would act in reckless disregard of their oaths, to allow such cases to influence their verdict.

Verdict, *Guilty;* Rule, &c.; Judgment, and Appeal by the prisoner.

*Malone,* for the appellant.
*W. P. Caldwell, contra.*

STATE *v.* AVERY.

DICK, J. According to the evidence in this case, the prisoner was guilty of murder. Influenced by jealousy, he followed his wife stealthily to her place of assignation, and then slew the deceased with a deadly weapon. The killing was deliberate, and prompted by a spirit of revenge. If the prisoner had come suddenly upon his wife and the deceased in the woods, and in the *furor brevis* excited by the suspicious circumstances, had immediately slain the deceased, the killing would have been mitigated to manslaughter: *State* v. *Samuel*, 3 Jon. 74.

The counsel for the prisoner asked his Honor to charge, that "if the jury, from all the circumstances, believed he was in danger of his life from deceased, he was excusable in slaying the deceased." His Honor stated that if there was any evidence of such a tendency, it had escaped his notice. He then submitted the whole of the evidence to the jury, with proper instructions. The prisoner certainly has no right to complain of the charge, as it was more favorable than he had any right to expect.

"The counsel, in the argument of the case to the jury, referred to the cases of Sickles, McFarland, and others of a similar character," and exception was taken to the comments of his Honor upon these cases. We think his Honor's comments were appropriate, correct in law, and in accordance with a virtuous public sentiment. The time has not yet come, and we hope never will, when the Courts of this State will fail to administer a just punishment for acts prompted by malice prepense and a spirit of revenge; and our people applaud them as a species of wild justice.

This case was fairly submitted to the jury, and we cannot disturb the verdict. There is no error.

Let this be certified, so that the Court below may proceed to judgment.

PER CURIAM.                              Judgment affirmed.